IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JASON TUCKER,

     Plaintiff,

v.                                                                    CASE NO. 1:20-cv-26-AW-GRJ

WILLIAM P. BARR,

     Defendant.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Pending before the Court are Plaintiff's First Amended Complaint,

ECF No. 5, and Motion for Leave to Proceed *In Forma Pauperis*, ECF No.

6.  Plaintiff's motion for leave to proceed as a pauper is due to be

**GRANTED**.  N.D. Fla. Loc. R. 5.3.  For the reasons explained below,

however, the Court will not assess a filing fee because it is respectfully

**RECOMMENDED** that the First Amended Complaint should be

**DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

## I.  BACKGROUND

Plaintiff initiated this lawsuit against Defendant William P. Barr, the

Attorney General of the United States, on January 27, 2020.  ECF No. 1.

Plaintiff alleged in the initial Complaint that Attorney General Barr violated

his constitutional rights to due process and equal protection by failing to

respond to several communications, including "a letter rogatory with a bonded authorization for arrest warrant."  *Id.* at 4.  Plaintiff requested injunctive relief, specifically he demanded an "answer to the federal questions of equal access and equal protection with a court seal[,]" a "full FBI file on claimant[,]" a "copy of the whistleblower, the RICO, and all other related investigations[,]" Defendant's "direct electronic mail address for equal access[,]" and "to present the record of crimes against us to a grand jury[.]"  *Id.*

When the Complaint came before the undersigned for screening in accordance with 28 U.S.C. § 1915(e), the Court ordered Plaintiff to amend his complaint because he failed to state a cognizable constitutional claim against Attorney General Barr.  ECF No. 4 at 2.  The undersigned also cautioned Plaintiff that he could not state a claim against Attorney General Barr in his official or supervisory capacities and he must link any requested relief to his claims against Attorney General Barr.  *Id.* at 4.

In the First Amended Complaint, Plaintiff states that Attorney General Barr failed to respond to criminal complaints sent to the Department of Justice by email, facsimile, and certified mail.  ECF No. 5 at 4.  Plaintiff alleges Attorney General Barr's failure to respond violated the E-

Government Act of 2002 and requests as relief "[a] good faith response and honest service." *Id.*

## II. DISCUSSION

The First Amended Complaint is before the undersigned for screening pursuant to 28 U.S.C. § 1915(e).  The Court must dismiss a claim if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

To plead a cause of action, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requires a plaintiff to assert "sufficient factual matter" that, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is met only where the facts alleged enable the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).  Mere labels and conclusions are insufficient. *Iqbal*, 556 U.S. 662 at 678.

The Court will not penalize a *pro se* litigant for "linguistic imprecision," *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008), but a cause of action must be discernable.  A court does not have "license to … rewrite an

3

otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by, Iqbal*, 556 U.S. 678.

The undersigned concludes that Plaintiff's First Amended Complaint is due to be dismissed because Plaintiff fails to state a claim upon which relief may be granted. Plaintiff alleges in conclusory fashion that he did not receive a response to his complaints to the Department of Justice and asks whether Attorney General Barr may be liable under the E-Government Act of 2002. These thin contentions do not amount to a plausible cause of action against Attorney General Barr.

The Court surmises that Plaintiff has abandoned his due process and equal protection challenges in his First Amended Complaint because they are not mentioned, and Plaintiff was admonished that his amended complaint "must contain all of Plaintiff's relevant factual allegations and should not in any way refer to any previous version." ECF No. 4 at 4–5. In any event, such a claim would be meritless. Plaintiff does not maintain a constitutional right to have Attorney General Barr respond to his inquiries or complaints to the Department of Justice, and there is no reasonable suggestion that Plaintiff has been denied equal protection of the law.

4

Moreover, Plaintiff's eleventh-hour attempt to apply federal law to his grievance is fails because the E-Government Act of 2002 does not provide for a private right of action. *Elec. Privacy Info. Ctr. v. Presidential Advisory Comm'n on Election Integrity*, 266 F Supp. 3d 297, 315 (D.D.C. 2017); *Greenspan v. Admin. Office of the U.S. Courts*, No. 14cv2396 JTM, 2014 WL 6847460, at *8 (N.D. Cal. Dec. 4, 2014). Plaintiff's claims under the E-Government Act of 2002, therefore, fail as a matter of law.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given," Fed. R. Civ. P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. 371 U.S. at 182. The Court concludes that further amendment of the First Amended Complaint would be futile because Plaintiff cannot state a cognizable claim against Attorney General Barr based on the factual allegations underlying this action. *Gary v. U.S. Gov't*, 540 F. App'x 916, 918 (11th Cir. 2013).[1]

---

[1] Plaintiff unsuccessfully brought a similar federal lawsuit in the Middle District of Florida against Makan Delrahim, the Assistant Attorney General in charge of the Department of Justice Antitrust Division. The court dismissed his identical claims at the screening stage for the same reasons the undersigned recommends dismissal here. *Tucker v. Delrahim*, 2020 WL 1171960, at *1 (M.D. Fla. Feb. 19, 2020), *report and recommendation adopted*, 2020 WL 1170837, at *2 (M.D. Fla. Mar. 11, 2020).

### III.  CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Leave to

Proceed *In Forma Pauperis*, ECF No. 6, is **GRANTED**.  Plaintiff, however,

will not be assessed the filing fee.

It is respectfully **RECOMMENDED** that Plaintiff's First Amended

Complaint, ECF No. 5, should be **DISMISSED without leave to amend**.

**IN CHAMBERS** this 30th day of March 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**